EL PUEBLO, APELADO, *v.* SANTIAGO, APELANTE.

APELACIÓN procedente de la Corte de Distrito de Guayama.

No. 601.—Resuelto en mayo 6, 1913.

CALUMNIA—IMPUTACIÓN DE UN DELITO.—No constituyendo las palabras pronunciadas por el acusado la imputación de un delito de abuso de confianza, ni de extorsión, ni de ningún otro delito, procede la revocación de la sentencia apelada y la absolución del acusado.

Los hechos están expresados en la opinión.
Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*
Abogado del apelante: *Sr. R. Martínez Nadal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Siendo Arturo G. López Secretario de la Corte Municipal de Guayama, presentó en ella una denuncia contra Florencio

Santiago, imputándole que: "Maliciosa, voluntaria y públicamente y en descrédito del denunciante, que es el secretario de la Corte Municipal de Guayama y en presencia de varias personas y no encontrándose presente el denunciante, se expresó acerca del denunciante, en los términos siguientes: 'Que el Fiscal Mr. Foote estaba haciendo una investigación contra Arturo G. López, secretario de la corte municipal. Que eran tres cargos, pero que el peor era de un dinero de unas multas que no aparecía y que el Fiscal había hecho llevar los libros de la corte y de la cárcel para averiguar eso; y que además investigaba de una fianza, que el secretario había pedido $10 para recibirla. Que él había tenido que declarar la verdad, porque no se iba a poner en evidencia con el Gobierno.' Y el susodicho acusado ilegal, voluntaria y maliciosamente se expresaba del denunciante en los conceptos arriba consignados, los cuales le imputan la comisión de dos delitos a saber: abuso de confianza y extorsión."

Conociendo la Corte de Distrito de Guayama de esa denuncia en grado de apelación, dictó sentencia declarando culpable al acusado del delito de calumnia e injuria, imponiéndole una pena de multa, contra cuyo fallo interpuso el sentenciado el presente recurso de apelación.

La única cuestión promovida por el apelante, tanto ante nosotros como ante la corte inferior, es que la evidencia presentada no es suficiente para que se declare que maliciosa y voluntariamente haya proferido palabras que sean constitutivas del delito de calumnia e injuria. Por su parte el Honorable Fiscal de esta Corte Suprema, así en su informe escrito como en el oral, sostiene la procedencia del recurso por las razones alegadas por el apelante, y pide que revoquemos la sentencia apelada y que absolvamos libremente al acusado.

La evidencia es contradictoria en un solo extremo, o sea, en el de si el apelante pronunció o nó las palabras que le atribuyen los testigos de la acusación, pero como el juez declaró culpable al acusado, hemos de entender que resolvió ese con-

flicto en el sentido de que realmente las pronunció, y aceptando su decisión en este particular, de acuerdo con la doctrina que hemos establecido en multitud de casos, nos concretaremos a examinar, dándolas por ciertas si son constitutivas o nó del delito de que ha sido declarado culpable.

De la evidencia presentada en juicio por la acusación resulta, que al salir el apelante del local de la corte en que se practicaba una investigación, fué llamado por Alfonso Torres y Pedro Rodríguez, quienes le preguntaron sobre lo que pasaba en la corte, contestándoles el acusado que acababa de declarar en una investigación en contra de Arturo López, secretario de la corte municipal, y preguntado nuevamente por Rodríguez sobre el objeto de ella, les contestó que eran varias investigaciones, entre ellas, por sacar Arturo López recluídos del penal para sus servicios particulares en su casa, otra "sobre multas cobrables que no aparecen en los libros"; y como Rodríguez le replicara que eso no podía ser, porque habiendo multas cobrables tenían que aparecer en los talonarios, les respondió el acusado: "yo no sé, y motivado a eso han hecho subir los libros de la corte municipal y han hecho traer los libros de la cárcel de distrito a ver si vienen en concordancia, añadiendo que en aquellos momentos estaba declarando Don José Freirías sobre una fianza de $10 que cobró Arturo López." Los párrafos copiados son de la declaración de Alfonso Torres con la que concuerda la de Pedro Rodríguez.

El taquígrafo que actuó en esa investigación, declaró que ésta se refirió a dos cargos; uno, el de utilizar Arturo López los presos destinados al servicio de la corte, en trabajos particulares suyos; y el otro, que realizaba trabajos de abogado, sin que se investigara nada con respecto a multa ni fianza de $10. Esta es toda la evidencia esencial de la acusación.

La ley que la corte inferior consideró infringida es la número 49 de las aprobadas en 9 de marzo de 1911, titulada

"para definir y castigar el delito de calumnia e injuria" en cuyas dos primeras secciones se dice lo siguiente:

"Sección 1ª. Se entiende por calumnia toda falsa y maliciosa imputacion hecha de palabra y públicamente contra otra persona natural o jurídica, imputándole la comisión de hecho constitutivo de delito.

"Sección 2ª. Entiéndese también por calumnia, toda palabra o concepto proferido maliciosa y públicamente en deshonra, descrédito, menosprecio de otra persona natural o jurídica."

Así pues, no era cierto que la investigación contra el denunciante fuera como dijo el acusado "por multas cobrables que no aparecen en los libros" y "por una fianza de $10 que cobró el secretario"; pero de todos modos tales palabras no imputan al denunciante la comisión del delito de abuso de confianza ni el de extorsión a que se refiere en su denuncia, porque para que tales delitos existan, es elemento esencial la apropiación de bienes de otra persona, obtenida en el primer caso, abusando de la confianza depositada en una persona o por razón de un cargo y en el segundo, obteniéndolos mediante el abuso de fuerza, del temor o pretextando derecho para ello. Y como las palabras del acusado no atribuyen al denunciante la apropiación de ningunos bienes, no le imputan esos delitos, ni ningún otro, por lo que no existe el delito definido en la primera sección de la ley.

No creemos tampoco que esas palabras estén comprendidas en la segunda sección, porque la manifestación de que no estuvieran consignadas en los libros ciertas multas y de que Freirías estuviera declarando con respecto a una fianza de $10 que cobró el secretario, en nada puede afectar a su honra, crédito y reputación, porque han podido esas multas dejar de estar en los libros por alguna causa justificada, y el cobro de la fianza de $10 ha podido ser legalmente reclamado por él, ya que no dijo el acusado que tanto una cosa como la otra haya sido hecha por el denunciante en alguna manera que redundara en deshonra, descrédito o menosprecio de él.

Por tales. razones, la sentencia apelada debe ser revocada
y dictarse otra absolviendo al apelante.

*Revocada.*

Jueces. concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.